PACIFIC FRUIT & PRODUCE CO. v. FISHMAN.

SALES—REFUSAL TO ACCEPT—QUALITY.

Where defendants purchased carload of pears described by seller as "dark green to light yellow ground color," they were not justified in refusing to accept them as not of quality ordered because they were not light green in color.

Error to Wayne; Richter (Theodore J.), J. Submitted January 7, 1931. (Docket No. 32, Calendar No. 35,123.) Decided April 7, 1931.

Assumpsit by Pacific Fruit & Produce Company, a foreign corporation, against Jacob Fishman and David I. Brown, copartners, as Fishman & Brown, for loss on carload of pears rejected by defendants. Judgment for defendants. Plaintiff brings error. Reversed.

*Frederick S. Baker* (*Patterson & Patterson,* of counsel), for plaintiff.

*Marvin B. Gingold* (*Max D. Schuster,* of counsel), for defendants.

McDonald, J. This suit was brought to recover damages for loss sustained because of defendants' refusal to accept a carload of pears shipped to them by the plaintiff, a dealer in fruit and produce at Seattle, Washington. The car in question was sold f.o.b. shipping point by C. J. Yokom & Company, fruit brokers of Detroit, Michigan. When it reached the defendants they inspected the fruit and refused acceptance on the ground that it was not as ordered. To minimize its damages, the plaintiff diverted the car to Philadelphia, the nearest favorable market, and sold the contents at a loss which it seeks to recover of the defendants in this action. The trial court determined that the fruit was not of the quality ordered, and entered judgment in favor of the defendants. The plaintiff has appealed.

The question is whether the shipment corresponded with the pears defendants contracted to purchase.

These pears were bought while the car was in transit. A description of its contents was bulletined. The defendants bought from that bulletin. They bought the kind of pears described therein. They bought Anjou pears, C. grade, of "dark green to light yellow ground color." They were rejected by the defendants because of their color, which, they say, rendered them unsaleable. Defendant Brown testified:

"They were a rusty color, a ground color and the color of the pears was not what I bought. I know Anjou pears and their color is a light green and these pears in that carload were not light green. * * *

"*Q.* The only thing that you did not like was the brownish color of those pears?

"*A.* Which makes them unsaleable. * * *

"*Q.* Did you state at that time that the only objection you had to this car of pears or the pears in the car was that the pears which you examined were more or less brownish in color?

"*A.* I said a ground color. I mean the color of this linoleum. I do understand the meaning of the word ground; it does not mean earth in this case; no, not in this case. I say they were of ground color."

Other witnesses for the defense testified to the same color. Their testimony showed that these pears were 60 per cent. off color from bright green.

There would be real merit to this defense if defendants had contracted to buy light green pears. They did not do so. They bought from the bulletin which described the pears as "dark green to light yellow ground color." The same description as to color is in the written confirmation of the order signed by Mr. Brown for defendants. Certainly they knew the pears they were buying were not light

green.  There is a dispute in the testimony as to the color of Anjou pears, grade C.  We do not regard that as important, because the color of this carload of grade C. pears was definitely stated in the offer of sale which defendants accepted.  As we read the testimony, it clearly shows that the pears which the defendants rejected corresponded in color with those which they contracted to purchase.  On this record the plaintiff is entitled to recover its loss.

The judgment is reversed and a new trial granted. The plaintiff will have costs.

BUTZEL, C. J., and WIEST, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.